No. 1395.

THE STATE OF LOUISIANA VS. WILL FRAZIER.

In case an application for continuance is refused, counsel for applicant should raise objection to the judge's ruling, and cause a bill of exceptions thereto to be signed and filed in the record, otherwise same will be of no avail.

APPEAL from the Eleventh District Court, Parish of Natchitoches. *Pierson*, J.

*D. C. Scarborough* and *John N. Ogden*, District Attorney, for the State, Appellee.

*M. B. Tauzin* and *N. T. Smith* for Defendant and Appellant: .

"The constitutional provisions which guarantee to an accused the right to compulsory process is not a dead letter, and must be enforced. Under a proper showing for a continuance, on the ground of the absence of a material witness, the trial must be postponed." 40 An. 745.

"Every person accused shall be permitted to establish his defence by any lawful evidence, and shall have the same process as the State to compel the attendance of witnesses." R. S., Sec. 992.

"In all criminal prosecutions in which the punishment to be inflicted may be death or imprisonment at hard labor in the penitentiary, witnesses may be compelled to attend the sessions of the court from any parish of the State." R. S. 1036.

"It shall be the duty of the sheriff of the parish in which the witness resides to serve the subpœnas, and make due returns thereof, without delay." R. S. 1037.

"Under a showing that an accused in a case pending in New Orleans, when witnesses do not live a great distance from the court, took necessary steps to summon his witnesses within three days of the notice of trial, is *prima facie* proof of his diligence. Under such a showing, the absence of a witness residing in said city, but temporarily absent therefrom, whose attendance the accused had sought to secure by moving for necessary process to be served in the parish where the witness is supposed to be at the time, such steps taken, seven days before trial, will entitle the accused to a continuance of his case." 37 An. 368.

"If the affidavit swears that the witness is material, it is not required he should swear to his competency." 37 An. 312.

---

The opinion of the court was delivered by

WATKINS, J. The defendant appeals from a conviction of the crime of horse stealing, and sentence to four years' imprisonment at hard labor in the State penitentiary, relying on an assignment of error, that he was refused a continuance for the purpose of obtaining the attendance and testimony of an absent witness, was alleged to have been competent and material to the issue.

The record shows that the accused defendant made affidavit on the 5th of June, 1891, that one Peter Frazier, of the parish of Ascension, was a material and important witness to be heard in his behalf, and without whose testimony he could not safely go to trial—giving a synoptical statement of same—and thereupon the trial judge made an order directing a summons to issue for said witness' appearance. That on the 13th instant following, the case was called for trial—the same having been fixed for trial on that date—but the defendant objected to going to trial, assigning as his reason the absence of said witness, and, being constrained thereto, made an affidavit for a con-

tinuance in the prescribed form, reciting the foregoing facts, substantially, coupled with an averment of his having used due dilligence to obtain his attendance. That no return of the subpœna that had been issued for said witness had been returned by the sheriff of Ascension to the clerk of the trial court.

But it fails to show what the ruling of the trial judge was, or the ground upon which he declined to grant the continuance—no bill of exceptions having been filed on his behalf.

In this state of affairs there is nothing we can take hold of in the record, whereby to examine and determine the defendant's charge of error. Surely there is nothing on the face of the record itself to indicate any such error as the one the defendant complains of; and the judge may have had good and sufficient reasons for declining to grant the desired continuance, notwithstanding the defendant's affidavit.

His counsel should have retained a bill of exceptions to the judge's ruling, and caused him to state his reasons for refusing a continuance. Such a bill, when duly signed and filed in the record, would have placed it in our power to judge of its correctness, and to give defendant relief if the judge's ruling was found erroneous and prejudicial to his interest. An assignment of error can not subserve the purpose. At most, it can point out errors which a simple inspection of the record would have disclosed. Those non-apparent must be brought to our attention by bills of exception.

The objections and assignment of the defendant are unavailing.

Had counsel for the accused prepared and had signed, and filed a proper bill of exceptions, he might have brought his case within the principle announced in State vs. Butler, 42 An. 405.

Judgment affirmed.